**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Jose Irizarry-Corchado, | ) | Civil Action No.: 6:21-cv-03937-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Unknown Disciplinary Officer, Unknown | ) | |
| Regional Reviewer, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jose Irizarry-Corchado filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). (ECF No. 1.) This matter is before the court on review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 13), recommending that the court summarily dismiss this action without prejudice and without issuance and service of process. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13) and **DISMISSES** this action without prejudice.

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. On December 6, 2021, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this *Bivens* action alleging that two (2) unknown defendants deprived him of his constitutional rights to due process related to disciplinary proceedings during his incarceration within the Bureau of Prisons ("BOP"). (ECF No. 1 at 4–5.) Specifically, Plaintiff contends that his due process rights were violated during his disciplinary hearing because he requested a translator but was not provided one and that he has been unable to utilize his administrative remedies because Defendants are not following BOP policy. (*Id.* at 4–5.) Plaintiff has not alleged specific injuries. (*Id.* at 6.) In response to the Magistrate Judge's special interrogatories, Plaintiff

1

indicated that his disciplinary convictions resulted in a sanction of 210 days of good time credit, disciplinary segregation for 60 days, a $12.00 fine, and loss of visitation, commissary, and phone privileges.  (ECF No. 8.)  Plaintiff asks the court to have his disciplinary conviction vacated and expunged from his record.  (ECF No. 1 at 6.)

On December 28, 2021, the Magistrate Judge issued an order giving Plaintiff a specific time frame in which to bring his case into proper form for judicial screening.  (ECF No. 6.)  Plaintiff substantially complied with the Magistrate Judge's order, bringing his case into proper form for judicial screening.  On January 27, 2022, however, the Magistrate Judge reviewed Plaintiff's claims again and determined his complaint was subject to summary dismissal.  (ECF No. 13 at 1.)  In making his recommendation, the Magistrate Judge explained that "because the disciplinary hearing resulted in sanctions that included the loss of earned good-time credits, the plaintiff may not bring this claim pursuant to *Bivens*."  (*Id.* at 4.)  The Report correctly stated that it is well settled that under federal law "'habeas corpus is the exclusive remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms' of [42 U.S.C.] § 1983 or *Bivens*."  (*Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 481 (1884); then citing *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004) (holding that § 1983 may be used to challenge disciplinary procedures where no accrued/earned good-time credits are taken as a sanction)).  Accordingly, the Magistrate Judge found that Plaintiff's claim for violations of his rights resulting in the loss of good-time credits cannot be brought in this civil rights action.  (*Id.*)

Ultimately, the Magistrate Judge opined that Plaintiff cannot cure the defects discussed above by amending his complaint and recommended this court dismiss the action without prejudice

and without issuance and service of process. (ECF No. 13 at 5.) Plaintiff was advised of his right to file objections to the Report. (*Id.* at 6.) Plaintiff did not file any objections.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting its recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, Plaintiff has not objected to the Report. After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13) and **DISMISSES** this action without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 2, 2022
Columbia, South Carolina

3